**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
:
SCOTT MADLINGER, on behalf of himself and   :
all others similarly situated,   :
:
             Plaintiff,   :   Civil Action No.
:
vs.   :   **CLASS ACTION COMPLAINT AND**
:   **JURY TRIAL DEMAND**
TOTAL CARD, INC.,   :
:
             Defendant.   :
:
——————————————————— X

Plaintiff SCOTT MADLINGER (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant TOTAL CARD, INC. (hereinafter "Defendant"), its employees, agents, and successors, the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant TOTAL CARD, INC. is a South Dakota Corporation with its principal place of business located at 2700 S. Lorraine Place, Sioux Falls, SD 57106.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from TOTAL CARD, INC. in a form substantially similar to attached Exhibit A concerning a debt owned by ABSOLUTE RESOLUTIONS VI, LLC and which included the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or

thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

4

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

5

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to January 21, 2019, Plaintiff allegedly incurred a financial obligation to Capital One Card Services, Inc. ("Capital One") related to a credit card account. ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. At some time prior to January 21, 2019, the Capital One obligation was transferred, sold and/or assigned to ABSOLUTE RESOLUTIONS VI, LLC ("Absolute Resolutions")

21. At the time the Capital One obligation was transferred, sold and/or assigned to Absolute Resolutions, the Capital One obligation was past due.

22. At the time the Capital One obligation was transferred, sold and/or assigned to Absolute Resolutions, the Capital One obligation was in default pursuant to the terms of the agreements creating the obligations and/or by operation of law.

6

23. Sometime prior to January 21, 2019, Absolute Resolutions either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

24. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

25. Defendant caused to be delivered to Plaintiff a letter dated January 21, 2019 which was addressed to Plaintiff and sought to collect a balance of $8,182.23 concerning the alleged Debt, Attached as Exhibit A is a copy of the January 21, 2019 collection letter.

26. The January 21, 2019 collection letter was Defendant's initial communication to Plaintiff for the Debt.

27. The January 21, 2019 collection letter were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. The January 21, 2019 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Upon receipt, Plaintiff read the January 21, 2019 collection letter.

30. The January 21, 2019 letter states:

The law limits how long you can be sued on a debt. Because of the age of your debt, ABSOLUTE RESOLUTIONS VI, LLC cannot sue you for it. If you do not pay the debt, ABSOLUTE RESOLUTIONS VI, LLC may report or continue to report it to the credit reporting agencies as unpaid. Total Card, Inc. cannot sue you on this debt, and Total Card, Inc. will not credit report this debt.

31. The time period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

32. Pursuant to 15 U.S.C. § 1681c et. seq., the time period is generally limited

7

to 7 years ("the 7 year reporting period").

33. During the 7 year reporting period, creditors and other furnishers of credit information to credit bureaus must report accurate information, including whether or not a debt has been paid.

34. The 7 year reporting period allowed by 15 U.S.C. § 1681c et. seq. on the Capital One obligation had not yet expired by January 21, 2019.

35. The Capital One obligation was still being reported to one or more of the three major credit reporting agencies by Absolute Resolutions as of January 21, 2019.

36. A payment made on a debt has no effect as to whether it continues to appear on a credit report or not.

37. A debt appearing on a credit report will be delated within the reporting period allowed pursuant to 15 U.S.C. § 1681c et. seq. whether or not a payment is made on the debt.

38. Defendant's January 21, 2019 letter falsely implies that only making a payment will cause any reporting of the Capital One obligation to a credit bureau to be deleted in violation of the FDCPA.  See, Griffin v. Andrea Visiglio-McGrath, LLC, 2017 U.S. Dist. LEXIS 111691 (D.N.J. July 18, 2017)

39. The January 21, 2019 collection letter falsely implied that the Capital One obligation would continue to be reported to one or more of the credit reporting agencies beyond the 7 year reporting period unless a payment was made.

40. Defendant knew or should have known that its actions violated the FDCPA.

41. Furthermore, even if the 7 year reporting period had passed at the time that

Defendant mailed the January 21, 2019 collection letter, the collection letter was false, deceptive and/or misleading, since Absolute Resolutions could no longer report the Debt to the credit reporting agencies, yet the collection letter suggested otherwise.

42. Additionally, the front of the collection letter indicated in bold and capitals, "**PLEASE SEE THE BACK OF THIS LETTER FOR IMPORTANT INFORMATION**."

43. Included on the back side of the letter is a list of Notices for California, Colorado, Massachusetts, Minnesota, North Carolina and Tennessee.

44. Nowhere in the front or the back does the January 21, 2019 collection letter indicate that the rights listed under each state name were limited to residents of that particular state.

45. Furthermore, some of the state rights are different from and provide more protection than the rights provided for under the FDCPA.

46. It is plausible that the Least Sophisticated Consumer may be mislead to believe that these state rights also apply to all consumers, especially since the notices do not say that they are only applicable to residents of those states. See, Ensminger v. Fair Collections & Outsourcing, Inc., 2016 U.S. Dist. LEXIS 163007 (D.Kan, Nov. 23 2016).

47. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

48. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

49. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

50. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

51. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

52. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

53. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

54. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

55. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

56. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

57. Plaintiff's receipt of a collection letter which provided incorrect,

incomplete and confusing information constitutes a concrete injury.

58. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

59. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

60. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

61. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) By making false representations of the character or legal status of a debt; and
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

62. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

63. Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length.

64. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

65. By sending a collection letter, the same as or substantially similar to the January 21, 2019 collection letter, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(5), by threatening to take any action that cannot legally be taken or that is not intended to be taken;

C. 15 U.S.C. §1692e(8), by communicating or threatening to communicate to any person credit information which is known to be false should be known to be false.;

D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         January 17, 2020

                               Respectfully submitted,

                               By: s/ Lawrence C. Hersh
                                    Lawrence C. Hersh, Esq.
                                    17 Sylvan Street, Suite 102B
                                    Rutherford, NJ  07070
                                    (201) 507-6300
                                    *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 17, 2020 By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq

EXHIBIT A

**Total Card, Inc.**
2700 S. Lorraine Place
Sioux Falls, SD 57106
(877) 878-3005 (605) 977-5800
Office Hours:
Mon-Thr 8AM-6PM CST - Fri 8AM-5PM CST

2700 S. Lorraine Place
Sioux Falls, SD 57106

January 21, 2019

SCOTT MADLINGER

### ACCOUNT INFORMATION

| | |
|---|---|
| Our File # : | 1521 |
| Current Creditor | ABSOLUTE RESOLUTIONS VI, LLC |
| Original Creditor Account # | xxxxxxxxxxxx9561 |
| Original Creditor | CAPITAL ONE CARD SERVICES, INC. |
| Total Balance Due: | $8,182.23 |

## COLLECTION NOTICE

Dear SCOTT MADLINGER:

**Our client has agreed to accept 12 monthly payments of $341 as a full and final resolution on this account!**

We represent the above client, ABSOLUTE RESOLUTIONS VI, LLC, who is the owner of your account referenced above.

We believe most people want to do the right thing and satisfy their past financial obligations. We also understand that times are tough and it can be difficult to pay the full amount owed. Because of this, we work with our clients to help you satisfy your account in an affordable manner.

**By taking advantage of this offer, you will save $4090.23 and have your account resolved!**

Resolving the account would put an end to the calls and letters attempting to collect on this account. Keep in mind, our client is not obligated to renew or extend this offer.

**Want to save even more?** Set up a one-time payment for $3273 to resolve your account in full and save $4909.23!

Thirty days after we receive your final payment, we will send you written confirmation that your account has been resolved and you will not be contacted by us again concerning this debt.

Sincerely,
Brett M.
Operations Manager

The law limits how long you can be sued on a debt. Because of the age of your debt, ABSOLUTE RESOLUTIONS VI, LLC cannot sue you for it. If you do not pay the debt, ABSOLUTE RESOLUTIONS VI, LLC may report or continue to report it to the credit reporting agencies as unpaid. Total Card, Inc. cannot sue you on this debt, and Total Card, Inc. will not credit report this debt.

In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

### How Can You Take Advantage Of This Offer?

#### ONLINE

You can visit www.tcipayments.com where we can accept your payments online 24 hours a day. Simply register, referencing your file number on the top of this letter, and you can quickly set up the payments required to resolve this account in full.

#### MAIL

You can make your first payment by mailing in a check or money order, or by completing the debit card information box on the attached payment stub. We will then send out a payment coupon book for the remaining payments.

#### CALL

You can call us at (877) 878-3005 during our normal business hours and one of our friendly representatives can set up your payments over the phone using a variety of methods. You can also call to discuss alternate payment arrangements.

**PLEASE SEE THE BACK OF THIS LETTER FOR IMPORTANT INFORMATION**

▼ Detach and Return with Payment ▼

☐ I would like to resolve my account(s) in full by making 12 monthly payments of $341. Please process my first payment and send me a coupon book for the remaining payments.

☐ I would like to save even more and resolve my account(s) in full with a one-time payment of $3273.

☐ I would like to make a smaller monthly payment that is affordable to me to pay the balance in full. Please process my first payment of _____ and send me a series of coupon books as necessary for the remaining payments. Please make the payments due on the _____ of every month.

| IF PAYING BY DEBIT CARD, PLEASE FILL OUT | |
|---|---|
| CARD HOLDER NAME | |
| CARD NUMBER | EXP. DATE |
| SIGNATURE | BILLING ZIP CODE |
| AMOUNT* | Check Here If Cardholder Address Is The Same. If Not, Provide Cardholder Address On Back of Statement ☐ |

### ACCOUNT INFORMATION

| | |
|---|---|
| Name : | Scott Madlinger |
| Our File # : | 1521 |
| Original Creditor Account # : | xxxxxxxxxxxx9561 |
| Current Balance : | $8,182.23 |

Total Card, Inc.
PO Box 89725
Sioux Falls, SD 57109

▲ Pay To ▲

File#: 23861521
TOTAL_XML.WFD - TCI302 - 1
Page 1 of 2
548912 ● 00005656

**Notice to All Customers**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain a verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and from our location may be monitored or recorded for quality and training purposes.

**We are required under state law to notify customers of the following rights. This does not include a complete list of the rights consumers have under state and federal laws.**

**California Notice**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

You may request records showing the following: (1) that ABSOLUTE RESOLUTIONS VI, LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: Total Card, Inc. PO Box 89725, Sioux Falls, SD, 57109.

**Colorado Notice**
A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

In State Office – 7200 South Alton Way, Suite B180 Centennial, CO 80112 Phone: (303) 768-0200

**Massachusetts Notice**
Notice of Important Rights: You have the right to make a written or oral request that the telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector.

**Minnesota Notice**
This collection agency is licensed by the Minnesota Department of Commerce.

**North Carolina Notice**
Total Card, Inc. 2700 S. Lorraine Place Sioux Falls, SD 57106 Permit No: 3819

**Tennessee Notice**
This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.